WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph M. Hamilton,<br><br>               Plaintiff,<br><br>v.<br><br>Tiffany & Bosco PA, Seterus Incorporated,<br><br>              Defendants. | No. CV-14-00708-PHX-GMS<br><br>**ORDER** |

       Pending before this Court are Defendant Seterus, Inc.'s Motion to Dismiss (Doc. 6) and its accompanying Request for Judicial Notice (Doc. 6-1). Also before the Court is Plaintiff's Motion for this Court to Take Judicial Notice. (Doc. 9.) For the following reasons Seterus's Request for Judicial Notice is granted, the Plaintiff's Motion to Take Judicial Notice is granted in part and denied in part, and Seterus's Motion to Dismiss is granted in part and denied in part. Hamilton is further ordered to show cause why Tiffany & Bosco should not be dismissed.

## BACKGROUND

       On February 1, 2007, Joseph M. Hamilton obtained a loan of $356,250.00 to purchase a home in Anthem, Arizona. (Doc 6-1, Ex. 1.) The loan was secured by a Deed of Trust ("DOT") identifying: Provident Funding Associated, LP, as the Lender; Mortgage Electronic Registry Systems, Inc. ("MERS") as the nominee beneficiary; and First American Title Company as the Trustee. (*Id.*)

       On September 3, 2009, a Substitution of Trustee was recorded in which CitiMortgage, Inc. appointed Michael A. Bosco, Jr. as Successor Trustee under the DOT.

(*Id.* at Ex. 2.) On September 22, 2009, MERS recorded an Assignment of DOT which assigned all beneficial interest in the note and DOT to CitiMortgage, Inc. (*Id.* at Ex. 3.) On December 1, 2010, CitiMortgage recorded a Corporate Assignment of DOT, assigning all beneficial interest in the note and DOT to Federal National Mortgage Association ("FNMA"). (*Id.* at Ex. 4.)

Hamilton filed a Complaint on April 4, 2014 alleging various defects relating to the trustee's sale of his home. (Doc. 1.) This was not the first lawsuit he filed concerning his home and mortgage. He has unsuccessfully litigated issues related to his home and mortgage on three previous occasions in three different courts.

First, Hamilton filed an Objection to Proof of Claim against IBM – Lender Business Process Services on April 26, 2011 in his bankruptcy case before the bankruptcy court of this district. (Doc 6-1, Ex. 14.) He argued that it did not have the authority to submit a claim in relation to his mortgage and home, but the court overruled his objection without prejudice. (*Id.* at Ex. 15.) IBM – Lender Business Process Services apparently now operates under the name Seterus and is the moving defendant.

Second, Hamilton filed a complaint on July 10, 2012 in an Arizona state court against Federal National Mortgage Association seeking to quiet title. (*Id.* at Ex. 9.) In that case, Hamilton failed to respond to a motion to dismiss and the court dismissed the case without prejudice in September 2012. (*Id.* at Ex. 10.)

Third, Hamilton filed a complaint on November 6, 2012 in this Court against FNMA again seeking to quiet title. (*Id.* at Ex. 11.) In that case, this Court granted a motion to dismiss with prejudice in February 2013 (*Id.* at Ex. 12) and denied a motion for reconsideration (*Id.* at Ex. 13).

## DISCUSSION

**I.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than

1  "labels and conclusions" or a "formulaic recitation of the elements of a cause of action";
2  it must contain factual allegations sufficient to "raise a right to relief above the
3  speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a
4  complaint need not contain detailed factual allegations; . . . it must plead 'enough facts to
5  state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*,
6  534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has
7  facial plausibility when the plaintiff pleads factual content that allows the court to draw
8  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft
9  v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility
10 standard "asks for more than a sheer possibility that a defendant has acted unlawfully."
11 *Id.*

12 When analyzing a complaint for the failure to state a claim under Rule 12(b)(6),
13 "[a]ll allegations of material fact are taken as true and construed in the light most
14 favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).
15 However, legal conclusions couched as factual allegations are not given a presumption of
16 truthfulness, and "conclusory allegations of law and unwarranted inferences are not
17 sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.
18 1998).

19 As a general rule, "a district court may not consider any material beyond the
20 pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th
21 Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d
22 1119 (9th Cir. 2002) (citation omitted). Under the incorporation by reference doctrine,
23 the court may also consider documents "whose contents are alleged in a complaint and
24 whose authenticity no party questions, but which are not physically attached to the
25 pleading." *Branch*, 14 F.3d at 454.

26 Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice
27 of certain items without converting the motion to dismiss into one for summary
28 judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take

1  judicial notice of facts "not subject to reasonable dispute" because they are either: "(1)
2  generally known within the territorial jurisdiction of the trial court or (2) capable of
3  accurate and ready determination by resort to sources whose accuracy cannot reasonably
4  be questioned." Fed. R. Evid. 201; *see also Lee v. City of L.A.*, 250 F.3d 668, 689 (9th
5  Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public
6  record"). The court may disregard allegations in a complaint that are contradicted by
7  matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d
8  992, 998 (9th Cir. 2010).

## II.  Judicial Notice

Seterus's Request for Judicial Notice contains public records including documents from the county recorder's office and court filings. These documents are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Hamilton raises no objection or dispute in relation to them; in fact several of them are the same documents that Hamilton attached to his Complaint. The Court grants Seterus's request and takes judicial notice of all of the records Seterus submitted for purposes of the Motion to Dismiss.

Most of Hamilton's Motion for Judicial Notice does not identify or provide necessary information for this Court regarding any adjudicative facts. He refers to the Consumer Financial Protection Bureau ("CFPB"). Hamilton cites a statute giving the CFPB its authority and argues about what the CFPB and the statute are supposed to regulate. Beyond this, the motion only reiterates allegations from the Complaint. Apart from the existence of the CFPB, Hamilton's Motion does not establish any facts of which the Court can take notice. The legal arguments about the authority of the CFPB and the regulations from the statute are not facts. Hamilton's reply does not clarify what facts were intended and instead raises additional legal arguments based on Arizona statutes and cases in Arizona courts and the Ninth Circuit. The Court does not preclude Hamilton from raising any of these legal arguments at the appropriate time, but those portions of

the Motion establish no adjudicative facts.

Hamilton also includes a CFPB Bulletin as an attachment to his Motion for Judicial Notice. The Bulletin is a matter of public record and Seterus challenges only the relevancy and not the accuracy of it. The Court will take judicial notice of it as being a document produced by the CFPB. Accordingly, the Plaintiff's Motion to Take Judicial Notice is granted in part and denied in part.

**III.  Dismissal**

Seterus argues that the entire Complaint should be dismissed for two reasons. First, that the action is barred by *res judicata* in light of the previous actions. Second, that Hamilton's attempt to assert these claims after the trustee's sale is precluded under Arizona Revised Statutes ("A.R.S.") § 33-811(C).

In addition to these arguments against the entire Complaint, Seterus also argues various reasons why the individual claims should be dismissed including that Seterus is not a debt collector for purposes of the Fair Debt Collection Practices Act. ("FDCPA"). For the following reasons, the Court finds that the Complaint is not entirely barred by *res judicata* or A.R.S. § 33-811(C), but some of the individual claims are dismissed.

    **A.   Dismissal of Entire Complaint**

        **1.   *Res Judicata***

Seterus first alleges that the entire action is barred by *res judicata*. State law governs the application of *res judicata* and collateral estoppel in federal courts wherein the jurisdiction of a case is based upon diversity of citizenship. *Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002). In Arizona, *res judicata* will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now at issue between the same parties was, or might have been, determined in the former action. *Hall v. Lalli*, 194 Ariz. 54, 57, 977 P.2d 776, 779 (1999); *accord Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971).

The bankruptcy and state court actions were both decided without prejudice and

this Court will not apply *res judicata* on the basis of either of those determinations. The previous federal court action was dismissed with prejudice and so can be considered a final judgment on the merits by a court of competent jurisdiction. However, FNMA was the defendant in that quiet title action. Seterus and Tiffany and Bosco are different parties although Seterus alleges privity with FNMA. The Court will not address that issue at this stage because there is no identity of claims. At issue in this case are the trustee's sale and the FDCPA regulations implemented by the CFPB. Both of those occurred in 2014 after the filing and conclusion of the previous lawsuit. Seterus has not shown that the current claims might have been brought in the previous action.

Hamilton seeks different relief based on additional circumstances and so *res judicata* is not appropriate. However, the relief sought here does appear to be based in part on similar factual allegations and legal theories to those raised in the previous case. Although the Court declines to apply *res judicata* to preclude the entire claims, it leaves open the question of whether collateral estoppel may preclude some of the issues in this case.

### 2.   A.R.S. § 33-811(C)

Seterus next alleges that the entire action is precluded by statute. Arizona law governing trustee's sales provides that "[t]he trustor . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief . . . before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale." Ariz. Rev. Stat. § 33-811(C). In interpreting this statute, the Arizona Supreme Court has unequivocally held that a trustor "has one avenue for challenging the sale: filing for injunctive relief." *BT Capital, LLC v. TD Serv. Co. of Arizona*, 229 Ariz. 299, 301, 275 P.3d 598, 600 (2012). After "a trustee's sale is completed, a person subject to § 33–811(C) cannot later challenge the sale based on pre-sale defenses or objections." *Id.* This limitation also applies to tort claims that are based on objections to the validity of the trustee's sale. *Madison v. Groseth*, 230 Ariz. 8, 12, 279 P.3d 633, 637 (App. 2012). It does not restrict claims for relief that are independent

of voiding the trustee's sale, *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 770 (D. Ariz. 2012), *appeal dismissed* (Dec. 10, 2013).

The waiver under A.R.S. § 33–811(C) applies to "[t]he trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809." The Arizona Court of Appeals held that the language of the statute does not require a proof of mailing of notice to the trustor, because the requirement to provide notice pursuant to § 33-809 is only in relation to other persons. *Madison*, 230 Ariz. at 12, 279 P.3d at 637. Regardless of whether the trustor receives notice, the statute waives the trustor's defenses and objections. *See id.*

Here, Hamilton filed this action after the completion of the trustee's sale and he failed to obtain injunctive relief before the sale as required by § 33-811(C). Therefore, the statute provides that all defenses and objections to the sale are now barred, as are claims based on them. In his response, Hamilton argues that two cases support the permissibility of his claims despite § 33-811(C).

The first case is *Morgan AZ Financial, L.L.C. v. Gotses*, which held that under § 33-811(C) the trustor does not waive defenses against a post-sale deficiency claim by the lender. 235 Ariz. 21, 326 P.3d 288, 291 (App. 2014). This is merely an extension of the principle from *Snyder* and other cases that claims of relief and defenses and objections that are independent from the trustee's sale are not covered by § 33-811(C). This case is not a deficiency action, and so *Morgan* is not applicable and does not mitigate the waiver of defenses and objections "to the sale" or related claims.

The second case raised by Hamilton is *Steinberger v. McVey ex rel. Cnty. of Maricopa*, which allowed a cause of action to avoid a trustee's sale. 234 Ariz. 125, 318 P.3d 419, 428–30 (App. 2014). Hamilton at one point mistakenly quotes that the case recognized a "cause of action to *void* a trustee sale" when the actual word used is *avoid*. In *Steinberger*, the trustor obtained injunctive relief before the trustee's sale, which was cancelled and never occurred. The court specifically noted that it was limited to cases where the trustor "obtain[s] a TRO or injunction prior to the trustee's sale." *Id.* Here,

Hamilton did not avoid the trustee sale by obtaining injunctive relief and there is no cause of action under *Steinberger* to void a trustee sale after it occurs.

Accordingly, neither *Morgan* nor *Steinberger* eliminates the waiver and § 33-811(C) would seem to require that Hamilton's Complaint be dismissed for failing to state a claim to the extent that his claims are based on defenses or objections to the trustee's sale. Despite this, Hamilton argues that he is not barred by § 33-811(C) because the sale was conducted without his knowledge or proper notice. (Doc. 1, ¶¶ 1, 50–51.) Although the court in *Madison* held that notification to the trustor was not a statutory prerequisite to waiver, in that case the court observed that it was clear from the record that the trustor had received notice. 230 Ariz. at 12. In dicta, the Court "recognize[d] that, under other circumstances, § 33–811(C) may apply to deprive a trustor of due process if that trustor is not given sufficient notice of the trustee's sale to obtain an injunction of the sale." *Id.*

Hamilton's Complaint raises this issue of a lack of notice or knowledge in the Statement of the Case and in the Third Claim. The Court is obliged to read Complaints by pro se parties with liberality. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se pleadings are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers"). The Court recognizes that the Complaint contains a claim that the application of the waiver from § 33–811(C) would deprive Hamilton of due process because he received no notice. Therefore, the entire action is not precluded by state law because Hamilton has stated a claim challenging the application of the waiver in this case.

### B. Dismissal of Individual Claims

#### 1. First Claim

The First Claim for relief asks for injunctive and declaratory relief. The request for these remedies is based on two causes of action.

First, Hamilton alleges that the defendants were not the true beneficiary and misrepresented recorded instruments. This cause of action is based on an Arizona false documents statute which authorizes "the owner or beneficial title holder of the real property" to bring an action against someone recording documents against their property.

Ariz. Rev. Stat. § 33-420. Trustors are considered owners for purposes of A.R.S. § 33-420. *Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 219, 311 P.3d 237, 241 (App. 2013). In *Sitton*, the court found that the former trustor retained standing because he had filed the action before the trustee's sale was held. *Id.* Here, Hamilton alleges that he was denied the opportunity to file an objection before the sale because he did not receive notice. Accordingly, this portion of the claim is not dismissed.

The second argument in the First Claim is that the trustee's sale be set aside because the substitution of trustees was defective. This would be barred by the waiver in A.R.S. § 33-811(C) because it is a defense or objection to the sale. However as noted above, Hamilton has stated a claim that the waiver should not apply in this case. Based on the records that Seterus submitted for judicial notice, a representative for CitiMortgage substituted Michael A. Bosco, Jr. as the trustee on September 3, 2009. (Doc 6-1, Ex. 2.) However, First American Title Company did not assign its beneficial interest to CitiMortgage until later in September. (*Id.*, Ex. 3.) Although a handwritten note on that assignment reads "Effective Date: 8/27/09," the assignment was otherwise dated, signed, and notarized on September 15 and not recorded until September 22. (*Id.*) The Court will not dismiss the claim of a defective substitution of trustee because the judicially noticeable records provided by Seterus do not convince this Court that it should disregard the factual allegations from the Complaint.

The First Claim is not dismissed as to the allegations under A.R.S. § 33-420 or the allegations of a defective substitution of trustee.

**2.   Second Claim**

The Second claim of relief is for a breach of the trustee's obligation. This claim and the allegations in it are all directed at Tiffany & Bosco and have no application to the moving Defendant. Nevertheless, Hamilton has not served Tiffany & Bosco despite the passage of over four months since the filing of the Complaint. Thus, pursuant to Fed. R. Civ. P. 4(m), Hamilton is ordered to show cause, within seven days of the date of this Order, as to why this action against Defendant Tiffany & Bosco should not be dismissed

without prejudice.

### 3. Third Claim

The third claim of relief is for a violation of FDCPA. "As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt." *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009). This Court has held in a previous action that "mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Id.* at 1182.

Seterus is a mortgage servicing company and is not a debt collector under this Court's precedent. Hamilton did not respond with any argument as to why Seterus should be considered a debt collector for purposes of the FDCPA. Accordingly, the claim under the FDCPA is dismissed as to Seterus. As discussed above, the arguments that Hamilton received no notice and that the waiver from A.R.S. § 33–811(C) should not apply are not dismissed but are only relevant to the other claims because the FDCPA claim is dismissed on independent grounds.

Hamilton also alleges that the Defendants failed to properly communicate with him regarding the foreclosure, alternatives, and loan modifications. This appears to be related to the allegation that Seterus breached the CFPB's mortgage servicing rules and thereby violated the duty of good faith and fair dealing. Seterus acknowledges that there is a duty of good faith and fair dealing under any contract. However, it argues that Hamilton has not provided sufficient facts that would support a plausible claim of a violation of this duty. Hamilton has at least argued that he received no notice of the foreclosure. The Court will not dismiss the cause of action that lack of notice was a violation of the duty of good faith and fair dealing. This cause of action includes the general argument that Seterus failed to communicate with Hamilton as required by any regulations such as any applicable CFPB requirements.

### 4. Fourth Claim

Hamilton's final claim asks for the relief of cancellation of instruments. This cause

of action alleges that the transfer of interest to Seterus was invalid base on either unauthorized signatures or the timing of the assignments and transfers of interest. This claim is similar to the surviving claim from the First Claim and for the same reasons described the Court does not dismiss the cause of action.

In the factual background, Hamilton refers to splitting the Deed of Trust and the Note. He does not respond to Seterus's arguments for dismissal of that claim. This Court dismissed the same claim with prejudice in the previous case against FNMA. (Doc 6-1, Ex. 12.) Regardless of whether that claim is barred here by claim preclusion, it has been routinely rejected in this and other courts. *See Mansour*, 618 F. Supp. 2d at 1181. Therefore, to the extent that Hamilton intended to assert such a claim, it is dismissed.

## IV. *Lis Pendens*

Seterus also asks that the two notices of *lis pendens*, which Hamilton recorded against the property, be expunged pursuant to A.R.S. § 33–420(B). "In an action affecting title to real property, [a party] may file . . . a notice of the pendency of the action or defense." Ariz. Rev. Stat. § 12–1191(A). "It is well established that a lis pendens may not be predicated on an action or suit for a money judgment but applies only to an action or suit which directly affects the title to real property." *Coventry Homes, Inc. v. Scottscom P'ship*, 155 Ariz. 215, 217, 745 P.2d 962, 964, 745 P.2d 962 (App. 1987), *see also Santa Fe Ridge Homeowners' Ass'n v. Bartschi*, 219 Ariz. 391, 395, 199 P.3d 646, 650 (App. 2008).

Seterus's request is denied because this Court is not dismissing all of the claims which may directly affect the title of the home.

### CONCLUSION

Hamilton must show cause why Tiffany & Bosco should not be dismissed from this case. Hamilton retains the following claims against Seterus:

First, there is a cause of action from the First and Fourth Claim that the substitutions of trustee or assignments of rights are invalid based on their timing or the legitimacy of the signatures. This includes a cause of action to object to these

- 11 -

substitutions and assignments under Ariz. Rev. Stat. § 33-420. As a threshold matter, Hamilton may only make these arguments if he established that the waiver from A.R.S. § 33–811(C) should not apply. It may not apply if he can establish that he received no notice or inadequate notice of the foreclosure sale and that there is a resulting and cognizable due process exception.

Second, a cause of action that Seterus violated its duty of good faith and fair dealing by failing to inform Hamilton of the foreclosure or failing to make any other communications required by any regulations or the CFPB.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for this Court to Take Judicial Notice (Doc. 9) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Seterus, Inc.'s Motion to Dismiss (Doc. 6) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** directing Plaintiff to show cause, **within seven (7) days** of the date of this Order, as to why Defendant Tiffany & Bosco PA should not be terminated from this action.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate Defendant Tiffany & Bosco PA should Plaintiff not comply within the time stated and without further notice of the Court.

Dated this 20th day of August, 2014.

*A. Murray Snow*
G. Murray Snow
United States District Judge